NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHRYN M. ROBINSON, individually and on behalf of all others similarly sItuated, | No. 16-56412 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01731-WQH-BGS |
| v. | |
| ONSTAR, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Kathryn Robinson appeals the district court's dismissal of her complaint

pursuant to an arbitration clause that the district court concluded was enforceable.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Davidson v.*

*Kimberly-Clark Corp.*, 873 F.3d 1103, 1109 (9th Cir. 2017), we reverse and

remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The parties agree that Robinson and OnStar formed an agreement when she called OnStar to activate her one-year trial subscription. At that time, Robinson was unaware that OnStar intended to send her additional terms and conditions, including the arbitration provision. "[A] consumer [must] be on notice of the existence of a term before he or she can be legally held to have assented to it." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1289 (9th Cir. 2017) (quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 124 (2d Cir. 2012)).

That the terms and conditions were "available" to Robinson in some sense is irrelevant when she had neither actual nor constructive notice of their existence at the time of her agreement with OnStar. Likewise, California Civil Code section 1589 obligated Robinson only "so far as the facts [were] known, or ought to [have been] known" to her.

**REVERSED and REMANDED.**